UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21457-CIV-ROSENBAUM/SELTZER

SHACK SHEDRICK, *et al.*,

    Plaintiffs,

v.

DISTRICT BOARD OF TRUSTEES OF
MIAMI-DADE COLLEGE,

    Defendant.
_____/

## ORDER REQUIRING BRIEFING

This matter is before the Court upon a review of the record. Plaintiffs' First Amended Complaint sets forth a number of claims against Defendant, including allegations of discrimination and retaliation in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. 760.01, *et. seq. See* D.E. 7 at 31-33. Defendant has moved for summary judgment on those claims. *See* D.E. 75. Before deciding the merits of Plaintiffs' FCRA claims, the Court deems it advisable to determine whether those claims are properly before this Court pursuant to the Eleventh Amendment to the United States Constitution. *See Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (holding that Eleventh Amendment immunity is a "threshold issue" that should be decided at an early stage).

The Eleventh Amendment protects a state's "constitutional interest in immunity" that "encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (emphasis in original). A state's waiver of sovereign immunity in its own courts is not a waiver of its Eleventh Amendment immunity in federal

court.  *Id.* at 99 n.9.  While Florida has waived its sovereign immunity regarding FCRA claims in its own courts, *see Maggio v. Fla. Dep't of Labor & Emp't Sec.*, 899 So. 2d 1074, 1078 (Fla. 2005), it nevertheless appears to have retained its immunity from suit in federal court despite this waiver, *see* Fla. Stat. § 768.28(18) ("No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court . . . .").  Federal courts in all three districts of Florida have dismissed FCRA claims on Eleventh Amendment immunity grounds.  *See Biggs v. Fla. Bd. of Regents*, 1998 WL 344349, at *2 (N.D. Fla. June 11, 1998); *Haynes v. Fla. Dep't of Ins.*, 1998 WL 27462, at *1 (S.D. Fla. Jan. 26, 1998); *Yeary v. Fla. Dep't of Corr.*, 1997 U.S. Dist. LEXIS 8839, at *5-*9 (M.D. Fla. May 13, 1997).

In light of the foregoing, the Court directs the parties to file briefs arguing why Plaintiffs' FCRA claims should or should not be dismissed on Eleventh Amendment immunity grounds.  The parties' briefs shall be filed with the Court **no later than April 18, 2013.**  In the event Defendant would waive its immunity from suit in federal court on the FCRA claims even if it applied, Defendant shall confer with Plaintiffs and file with the Court <u>as soon as possible</u> an express waiver of its immunity.  *See* Fla. Stat. § 768.28(18) (requiring a waiver to "explicitly and definitely" state that it is a waiver of immunity from suit in federal court).

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 4th day of April 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

2